NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH L. ST. CHARLES,

        Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 24-7392

D.C. No.
3:23-cv-05246-SKV

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted February 4, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Plaintiff appeals the district court's order which granted in part and denied in

part his motion for attorney fees under the Equal Access to Justice Act following the

district court's decision which reversed and remanded the Commissioner of Social

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Security's denial of Plaintiff's application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). We affirm.

The district court exercised its discretion to reduce the fee award from $9,661.11 to $4,830.55 because (1) a vast portion of Plaintiff's opening brief was an irrelevant recitation of medical evidence, the inclusion of which was specifically prohibited by the court's scheduling order; and (2) Plaintiff's attorney had represented Plaintiff in his prior appeal, which allowed the attorney to copy a substantial portion of the previous briefing and paste it into the current brief. This made the 30.7 hours billed unreasonable.

The record supports the district court's findings, and the reduction in the fee award was therefore permissible. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (holding that district courts "should exclude . . . hours that were not reasonably expended . . . [including those that are] excessive, redundant, or otherwise unnecessary"); *Moreno*, 534 F.3d at 1111, 1115 (holding that a district court's explanation for a reduction in an attorney's fee must be "comprehensible" but not "elaborate" and that "[d]istrict judges can certainly consider the fees awarded by other judges in the same locality in similar cases").

Because the district court did not apply the wrong legal standard or make

24-7392

findings that were illogical, implausible, or without support in the record, we affirm.

*United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

**AFFIRMED.**